UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | : | |
| Plaintiff, | | Case No. 2:24-cv-846 |
| v. | | Chief Judge Sarah D. Morrison |
| | | Magistrate Judge Kimberly A. Jolson |
| NUKO PAVING, INC., *et al.*, | : | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Default Judgment (Mot., ECF No. 22) filed by American Contractors Indemnity Company. For the reasons set forth below, the Motion is **GRANTED**.

**I.      PROCEDURAL HISTORY**

American Contractors initiated this action in February 2024 against Defendants N-Line Contracting Corp., Blackstone Asphalt, Frank Mooney, Lana Mooney, Kayla Mooney, and Nuko Paving, Inc. (Compl., ECF No. 1.) After being served with notice of process pursuant to Rule 4, the three individual Defendants (Frank Mooney, Lana Mooney, and Kayla Mooney) executed Waivers of Service of Summons extending their deadline to answer or otherwise respond to the Complaint. (ECF Nos. 9–11.) As for the three corporate Defendants, the Ohio Secretary of State, serving as their statutory agent, issued Notices of Receipt of the summons and Complaint on their behalf. (ECF No. 16.) Nevertheless, all six

Defendants failed to respond to the Complaint. Accordingly, on September 5, 2024, American Contractors applied to the Clerk for an entry of default pursuant to Rule 55(a). (ECF No. 20.) Default was entered the next day. (ECF No. 21.)

Now before the Court is American Contractors' Motion for Default Judgment (ECF No. 22). The time for responding has passed, and no Defendant has filed a response.

## II. FACTUAL BACKGROUND

"Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability[.]" *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6). The following factual allegations from the Complaint (ECF No. 1) are deemed admitted due to Defendants' default.

American Contractors is a California-based entity in the business of issuing surety bonds. (Compl., ¶ 1.) On or about July 15, 2014, Nuko Paving (as principal) and N-Line Contracting, Blackstone Asphalt, Frank Mooney, Lana Mooney, and Kayla Mooney (as indemnitors) entered into a General Indemnity Agreement ("GIA") to induce, among other things, American Contractors to execute a surety bond. (*Id.*, ¶ 9; GIA, ECF No. 1-1, PAGEID # 6.) As relevant here, pursuant to the terms and conditions of the GIA, Defendants jointly and severally agreed to the following:

> The Surety shall have the right, in its sole and absolute discretion, to adjust, settle … compromise … any claim, demand … in connection with any Bond …[.]

\* \* \*

2

> In the event of any payment of any kind by the Surety, the Principal and Indemnitor further agree that the liability of the Principal and the Indemnitors shall extend to and include, and the Surety shall be entitled to charge and recover for, any and all disbursements made by [the Surety] …[.]
>
> \* \* \*
>
> [A]ny payment by the Surety … shall be final, conclusive and binding upon any Principal or Indemnitor in any claim, suit or other proceeding by the Surety to recover the amount of such payments pursuant to this Agreement or otherwise.
>
> \* \* \*
>
> The Principal and Indemnitor shall, jointly and severally, exonerate, indemnify, keep indemnified, reimburse and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses … interest, court costs which the Surety may sustain or incur or which arise by reason of or in any manner in consequent of, no matter how remotely, any one or more of the following: … the failure of any Principal or Indemnitor to perform or comply with any and all of the terms, covenants and conditions of this Agreement …[.]

(Compl., ¶ 10; GIA, PAGEID # 8–11.) Following Defendants' execution of the GIA, American Contractors issued a bond on behalf of Nuko Paving, "including Contract Performance and Payment Bond No. 1001022827 relating to the Ohio Department of Transportation Lane Resurfacing / SR 327-06.08 located in Jackson County, Ohio." (Compl., ¶ 11.)

Subsequently, several third-party claims were asserted against American Contractors regarding the Jackson County project and the bond. (Compl., ¶ 12; Baciocco Aff., ECF No. 22-2, ¶ 6.) American Contractors resolved and settled the claims but sustained damages and incurred expenses in the process. (Compl., ¶¶ 13, 14; Baciocco Aff., ¶ 9.) As such, American Contractors demanded that Defendants

3

perform in accordance with the terms of the GIA by reimbursing and indemnifying it for its losses and expenses resulting from the execution of the bond and the settlement of the claims. (Compl., ¶ 15.) Defendants refused to perform. (*Id.*)

American Contractors brings a breach of contract claim against all Defendants and seeks judgment against them, jointly and severally, for $221,883.10, plus interest, reasonable attorneys' fees, expenses, and costs. (Compl., ¶¶ 16–20, Prayer for Relief.)

### III.  DISCUSSION

Once default has been entered, the Court may rule on default judgment against the defendant with or without a hearing. Fed. R. Civ. P. 55(b). Although the well-pled factual allegations of a complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts state a claim upon which relief may be granted. *Zinganything*, 158 F. Supp. 3d at 672 (citing *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-cv-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008)). Nonetheless, "those allegations relating to the amount of damages suffered are ordinarily not [accepted as true], and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Bringer v. JAO Distribs., Inc.*, No. 1:14-cv-252, 2014 WL 3689147, at *1 (S.D. Ohio July 23, 2014) (Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Based on the well-pled allegations in the Complaint and the exhibits that American Contractors submitted in support of its Motion for Default Judgment, the Court concludes that there is sufficient basis for determining Defendants' liability and damages without the need for a hearing.[1] American Contractors has stated a claim for breach of contract on account of Defendants' collective failure to perform their obligations under the GIA. (Compl., ¶¶ 15, 17.) By its default, Defendants have admitted that they executed the GIA, which obligates Nuko Paving as principal and the remaining Defendants as indemnitors to reimburse and indemnify American Contractors for certain losses and expenses arising from the resolution of claims. (*Id.*, ¶¶ 9–10; GIA, PAGEID # 6, 8, 10–11, 16–17.) Although American Contractors performed its part by settling third-party claims, Defendants refused to fulfill their reimbursement and indemnification obligations, and American Contractors suffered injury as a result. (Compl., ¶¶ 13–15, 18–20.) American Contractors is thus entitled to default judgment against Defendants.

American Contractors seeks judgment against Defendants, jointly and severally, in the amount of $221,883.10, plus interest, reasonable attorney's fees, expenses, and costs. (Compl., Prayer for Relief; Mot., PAGEID # 96.) American Contractors paid $352,476.59 to resolve the third-party claims and incurred $8,069.60 in lost adjustment expenses and $14,600.75 in subrogation expenses,

---

[1] When "liability is joint[,] ... a default may be entered against the defaulting party, but entry of a default judgment against such party must await either a default by all of the parties or the outcome of the trial on the merits as to those defendants not in default." *Hunter v. Shield*, 550 F. Supp. 3d 500, 529 (S.D. Ohio 2021) (Sargus, J.), *aff'd*, No. 21-3748, 2022 WL 2952583 (6th Cir. July 26, 2022). Here, all Defendants are in default. (ECF No. 21.)

totaling $375,146.94. (Baciocco Aff., ¶¶ 6–9; ECF Nos. 22-3, 22-4.) Subtracting the salvage that American Contractors later recovered ($153,313.84), it is owed a principal amount of $221,883.10. (Mot., PAGEID # 96; ECF No. 22-5; Baciocco Aff., ¶¶ 9, 14); *see Profusion Indus., LLC v. Chem-Tek Sys., Inc.*, No. 5:16-cv-164, 2016 WL 7178731, at *6 (N.D. Ohio Dec. 9, 2016) (courts may rely on affidavits submitted by a plaintiff in support of damages without the need for a hearing). Additionally, the GIA affords American Contractors interest—at the rate of 10% per annum or the maximum rate allowed by law, whatever is lower—on any payments made as a result of having issued any bond. (Baciocco Aff., ¶ 14; GIA, PAGEID # 9.) The Court finds that American Contractors is entitled to the money damages and interest requested.

American Contractors also seeks recovery of its attorneys' fees, costs, and expenses incurred in litigating this matter. (Mot., PAGEID # 96.) A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). American Contractors has submitted documentation establishing both its entitlement to and the reasonableness of its request for $17,730.60 in attorneys' fees and costs. (Baciocco Aff., ¶¶ 15–16; ECF No. 22-6.)

## IV.  CONCLUSION

For the reasons set forth herein, American Contractors' Motion for Default Judgment (ECF No. 22) is **GRANTED**. Default judgment is entered against all Defendants on Count I of the Complaint. The Court **AWARDS** relief for American Contractors against Defendants, jointly and severally, in the form of (1) the

6

principal amount of $221,883.10, plus interest at the contractual rate of 10% per annum and post-judgment interest; and (2) attorneys' fees and costs of $17,730.60.

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**